Singh v. Garland

BIA
A205 586 261

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

MANPREET SINGH,
> *Petitioner*,

v.                                                    20-3999
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Jaspreet Singh, Esq., Jackson
                         Heights, NY.

FOR RESPONDENT:          Brian M. Boynton, Assistant
                         Attorney General; Anthony C.
                         Payne, Assistant Director; Raya

Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of an October 28, 2020, decision of the BIA denying his motion to reopen. *In re Manpreet Singh,* No. A205 586 261 (B.I.A. Oct. 28, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, contrary to the Government's argument, Singh timely petitioned for review of the BIA's denial of his motion to reopen when he filed his petition on the Monday following the Friday, November 27, 2020, deadline given that the Court was administratively closed on that Friday. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); Fed. R. App. P. 26(a)(1), (a)(3)(A) (extending the filing deadline when the clerk's office is

2

closed on the last day of the filing period). The only decision before us is the BIA's denial of Singh's motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 89–90 (2d Cir. 2001). We review the BIA's denial of a motion to reopen for abuse of discretion and its finding that country conditions have not changed for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

In his motion to reopen, Singh asserted that members of the Bharatiya Janata Party ("BJP") and the police had recently beaten his brother and detained and threatened his father in an effort to locate him and punish his brother on account of their support for the Akali Dal Mann Party. As support, he submitted his own written statement and general country conditions evidence.

It is undisputed that Singh's 2020 motion to reopen was untimely because he filed it almost three years after his removal order became final in 2017. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (establishing a 90-day deadline for filing a motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). Although this limitation does not apply if reopening is sought to apply for asylum "based on changed country conditions

3

arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), the BIA did not err in finding that this exception did not apply because Singh's evidence did not rebut the agency's underlying adverse credibility determination or establish changed conditions in India, *see Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020) ("[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible.").

The BIA did not err in discounting Singh's unsworn statement as evidence of changed conditions because, in a decision affirmed by this Court, Singh was previously found not credible. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (holding that the agency may decline to credit

4

unauthenticated evidence submitted with a motion to reopen by an asylum applicant who was found not credible in the underlying proceeding).  Moreover, Singh's new allegation, that a different political party was targeting him because of his support for the Akali Dal Mann Party, did not rebut the underlying adverse credibility determination – which rejected the entirety of his testimony – including his asserted involvement in the Akali Dal Mann Party.  *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no error in the BIA's determination that "evidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

Because Singh failed to rebut the adverse credibility determination, we need not consider his challenge to the BIA's alternative basis for denying his motion – his failure to show changed conditions in India.  *See* 8 U.S.C. § 1229a(c)(7)(B), (C); *Kaur*, 413 F.3d at 234; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the

decision of which is unnecessary to the results they reach."). Regardless, the BIA reasonably found that Singh's evidence did not establish a material change for members of the Akali Dal Mann Party, but rather evinced only a continuation of conflicts between members of opposing political parties. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Because Singh failed to demonstrate a material change in conditions, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe,
                         Clerk of Court

6